LILES, Acting Chief Judge.
Junior Davis, also known as Junsie Davis, attempted to retire from U. S. Phosphoric, a Tennessee Corporation subsidiary, under a retirement contract containing the following wording:
“(3) Disability Retirement Allowance
(a) A member who has not reached his normal retirement date but who has completed 14 years of credited service shall be retired from service on a disability retirement allowance on the first day of a calendar month not less than 30 nor more than 90 days next following receipt by the Retirement Board of written application therefor made by the member or by the Company, provided a physician or physicians designated by the Retirement Board shall certify, and the Retirement Board shall find, that such member is totally incapacitated, mentally or physically, so as to be unable to engage in any occupation or employment for remuneration or profit, that such incapacity is likely to be permanent, and that such member should be retired.”
The Retirement Board met with many documents before it and voted that Junior Davis was not eligible for retirement. He then brought suit in the circuit court alleging that Tennessee Corporation had refused to pay him retirement benefits as a result of his permanent total disability pur *217 suant to the Employees Retirement Plan. Appellee moved for a summary judgment and the trial judge granted it.
After reviewing the record, the briefs and hearing oral argument, we come to the conclusion that the trial judge was correct and affirm. There is no genuine issue of material fact upon which reasonable men may disagree.
The plain wording of the Disability Retirement Allowance provides that: “ . . . physician or physicians designated by the Retirement Board shall certify, and the Retirement Board shall find, that such member is totally incapacitated, mentally or physically, so as to be unable to engage in any occupation or employment for remuneration or profit, that such incapacity is likely to he permanent, and that such member should be retired.” (Emphasis added.)
Appellant urges that the question of fact to be determined by this court is whether or not the action of the Retirement Board in denying appellant’s application for disability was outside the bounds of reasonable judgment and in good faith and therefore arbitrary.
There is nothing in the record to support an allegation that the Board acted unreasonably, in bad faith or arbitrarily. The trial judge had before him the same information that the Board had- — the medical reports of four doctors. None of the doctors certified that appellant’s total incapacity was permanent or that the appellant should be retired. One of the doctors did testify that the appellant was unable to engage in any occupation or employment for remuneration or profit but he did not testify that the disability was permanent nor did he testify that appellant should be retired. The overwhelming evidence was that appellant should return to some type of employment to determine whether or not he was able to perform.
This court has dealt with summary judgments rather harshly in the past, and in many instances has said when there was any fact in dispute there should be an evi-dentiary hearing. Here, we are not called upon to make a determination of whether there were conflicting reports before the Retirement Board but whether there were facts before the trial judge which would support an allegation that the Board acted unreasonably, in bad faith and arbitrarily. From the record it cannot be said that the Board was arbitrary, unreasonable or acted in any way except in good faith.
Affirmed.
HOBSON and McNULTY, JJ., concur.